IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CV 614-100 |
| ELEVEN FIREARMS and 807 ROUNDS OF AMMUNITION, | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is the Government's Motion for Default Judgment and for Final Order of Forfeiture and Distribution. (Doc. 16.) For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

On September 8, 2014, the Government filed a Verified Complaint for forfeiture in rem against Eleven Firearms and 907 Rounds of Ammunition ("the Defendant Property").[1] (Doc. 1, Compl.) The Complaint alleges that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) because it "constitutes possession of firearms and ammunition by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" in violation of the Gun Control Act of 1968, 18 U.S.C. § 922(g)(5). (Id. ¶ 2.)

---

[1] The Court specifically identifies each item of the Defendant Property in Exhibit A, which is attached hereto.

The Government made numerous attempts in November 2014 and January 2015 to serve Cynthia Beecher, Robert Beecher, Jessica Winkler, and William Winkler with the Verified Complaint for Forfeiture In Rem and a warrant for arrest. (Docs. 7-10; see also Doc. 14-1, ¶¶ 6-13.) Additionally, the Government published the notice of forfeiture on its official website (www.forfeiture.gov) for thirty consecutive days beginning on November 20, 2014. (Doc. 12.) To date, no person has filed an answer to the Complaint or a claim to the Defendant Property in this action.

On May 27, 2015, the Government moved the Clerk of the Court to enter default and supported its motion with an affidavit. (Doc. 14.) On June 11, 2015, the Clerk entered default. (Doc. 15.) The Government now moves the Court to enter a default judgment and final order of forfeiture against the Defendant Property and any potential claimants. (Doc. 16.) The Government sent notice to Cynthia Beecher, Robert Beecher, Jessica Winkler, and William Winkler of the pending motion for default judgment. (Doc. 17.)

## II. DISCUSSION

"Obtaining a default judgment is a two-step process: first, the plaintiff must seek an entry of default from the clerk of court; and second, after the clerk has made an entry of default, the plaintiff can seek a default judgment." U.S. v. $11,000.00 in U.S. Funds, No. 5:08-CV-102, 2009 WL 198013, at *2 (M.D. Ga. Jan. 27, 2009) (citing FED. R. CIV. P. 55). "An entry of default and subsequent entry of default judgment are appropriate '[w]hen a

2

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.'" Id. (quoting FED. R. CIV. P. 55(a)) (alteration in original).

Where — as here — the Government brings a civil forfeiture action in rem which arises from a federal statute, it must comply with Supplemental Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. See FED. R. CIV. P., SUPP. R. G(1) ("This Rule governs a forfeiture action in rem arising from a federal statute."); see also, e.g., $11,000.00 in U.S. Funds, 2009 WL 198013, at *2.

Based upon the facts currently before the Court, the Government appears to have fully complied with Supplemental Rule G. First, the Complaint was proper under Supplemental Rule G(2) because it was (a) verified, (b) stated the grounds for subject-matter jurisdiction and venue,[2] (c) described the property with reasonable particularity, (d) stated the location of the property when it was seized and when the action was filed, (e) identified the federal statute under which the forfeiture action was brought, and (f) stated sufficiently detailed facts to support a reasonable

---

[2] The grounds for subject matter jurisdiction are 28 U.S.C. § 1345 (providing that district courts shall have original jurisdiction of all civil proceedings commenced by the United States) and 28 U.S.C. § 1355(a-b) (providing that district courts shall have original jurisdiction of forfeiture proceedings arising under federal law and that the forfeiture proceeding may be brought in the district where any of the acts or omissions giving rise to the forfeiture occurred). Here, the Defendant Property was seized in Reidsville, Tattnall County, Georgia, which is within the Southern District of Georgia, Statesboro Division. (Compl. ¶ 4.)

3

belief that the Government will be able to meet its burden of proof at trial.³ (See Compl.)

Second, the Government complied with Supplemental Rule G(4)'s notice requirements. The Government sent a notice of forfeiture and a copy of the Verified Complaint to potential claimants Cynthia Beecher, Robert Beecher, Jessica Winkler, and William Winkler. See FED. R. CIV. P., SUPP. R. G(4)(b)(i),(iii) ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant" and "notice must be sent by means reasonably calculated to reach the potential claimant."). The Government also published the notice of forfeiture on its official website for thirty consecutive days, which satisfied the publication requirement under Rule G(4)(a)(i) and (iv)(C).

Supplemental Rule G(5) provides that a "person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending" within

---

³ The factual allegations in the Verified Complaint, now admitted by default, are sufficient to establish that the Defendant Property is subject to forfeiture. Specifically, the Federal Bureau of Investigation (FBI) and Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) received information that Robert Beecher, whom agents confirmed to have at least three prior felony convictions, was seen in photographs on social media sites possessing various firearms. (Compl. ¶ 7.) On April 11, 2014, a Facebook friend of Mr. Beecher provided FBI and ATF agents access to Mr. Beecher's Facebook page, which allowed them to view the photographs associated with that account. (Id.) Two photographs posted on February 15, 2014 showed Mr. Beecher in possession of what appeared to be a lever action rifle with a scope. (Id.) Comments associated with the picture indicated that the rifle belonged to Mr. Beecher. (Id.) Upon receiving the appropriate warrant (id. ¶ 8), FBI and ATF agents executed a search of Mr. Beecher's residence. (Id. ¶ 9.) Agents recovered thirteen firearms, including the lever action rifle that appeared in the photographs on Mr. Beecher's Facebook page, 807 rounds of ammunition, computer evidence, and mail addressed to Mr. Beecher. (Id.) Agents subsequently determined that the Defendant Property moved as a part of interstate of foreign commerce prior to May 7, 2014, the day on which the search was executed. (Id. ¶ 10.)

4

thirty-five days from the date direct notice is sent or, if direct notice was not sent to the claimant, within sixty days after the first date of publication on the Government's official website. See FED. R. CIV. P., SUPP. R. G(5)(a)(i),(ii). Once a claimant has filed a claim to the seized property, the claimant must also serve and file an answer to the forfeiture complaint within twenty-one days after filing the claim. See FED. R. CIV. P., SUPP. R. G(5)(b).

Here, neither a claim nor an answer has been filed, and the time for filing has expired. This failure to plead or otherwise defend the action warrants the entry of a default judgment against all potential claimants to the Defendant Property pursuant to Federal Rule of Civil Procedure 55.

### III. CONCLUSION

For the reasons stated above, the Government's Motion for Default Judgment and for Final Order of Forfeiture and Distribution is **GRANTED**. (Doc. 16.) Therefore, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The Defendant Property is hereby condemned and forfeited to the United States of America, and all right, title, claim and interest to the Defendant Property by Cynthia Beecher, Jessica Winkler, Robert Beecher, and William Winkler, their heirs, successors, and assigns and all other persons and entities are vested in the United States of America;

2. Cynthia Beecher, Jessica Winkler, Robert Beecher, and William Winkler, their heirs, successors, and assigns and all other persons and entities are forever barred from asserting a claim against the Defendant Property;

3. The U.S. Marshals Service or an authorized designee shall dispose of the Defendant Property according to law and regulatory procedures;

4. The U.S. Marshals Service or an authorized designee shall pay from the Defendant Property all expenses of the Department of Justice related to the seizure and forfeiture of the Defendant Property; and

5. The remaining portion of the Defendant Property shall be deposited by the U.S. Marshals Service into the Asset Forfeiture Fund in accordance with 28 U.S.C. § 524(c).

The Court **DIRECTS** the **CLERK** to enter judgment in favor of the Government pursuant Rule 58 of the Federal Rules of Civil Procedure upon the same terms and conditions as outlined in this Default Judgment and Final Order of Forfeiture and Distribution, **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of July, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

**EXHIBIT A – DEFENDANT PROPERTY**

1. Remington Arms Company, Inc., Model 597, .22 caliber rifle, Serial Number A2666353;

2. Marlin Firearms, Co. 336 Model, .30-30 caliber rifle, Serial Number 23106294;

3. High Point JHP 45, .45 caliber pistol, Serial No. 460571;

4. Savage Shotgun, 16 gauge, with no Serial Number;

5. Mossberg 500C Model Shotgun, 20 gauge, Serial Number R462435;

6. Mossberg 600AT Model Shotgun, 12 gauge, Serial Number H490157;

7. JC Higgins Model 583.22 Shotgun, 20 gauge, with no Serial Number;

8. Savage 940B Model Shotgun, 12 gauge, with no Serial Number;

9. Taurus Rossi S022243 Model Rifle, .22 caliber, Serial Number S411220BS;

10. Winchester 1904 Rifle, .22 caliber, with no Serial Number;

11. Harrington and Richardson 088 Model Shotgun, 20 gauge, Serial Number AZ441815;

12. 30 Rounds Winchester-Westin Ammunition, .45 caliber; and

13. 777 Rounds Assorted Ammunition.